**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

YOBANY C.F.,

               Petitioner,

  v.

PAMELA BONDI, et al.

               Respondents.

Case No. 26-cv-01881-SRB-LIB

## <u>ORDER</u>

Before the Court is Petitioner Yobany C.F.'s[1] ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"). (Doc. #1.) In part, the Petition alleges that Petitioner "is a citizen of El Salvador who has resided in the United States for nearly 3 years after entering without inspection." (Doc. #1, p. 2.) Petitioner provides that ICE arrested him on January 12, 2026, while on his way to work.

In an Order dated March 16, 2026, the Court ordered Respondents to file an answer to the Petition on or before March 19, 2026. (Doc. #3.) The Order expressly stated that "Respondents' answer should include . . . [s]uch affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the habeas petition." (Doc. #4, ¶ 2.) The Order further required Respondents to "attach the warrant to their answer" if one was issued for Petitioner's arrest. On March 19, 2026, Respondents filed an answer which states in part that "]his petition raises legal and factual issues similar to those in prior habeas petitions this Court has decided." (Doc. #7, p. 1.) Respondents also attached a copy of a warrant

---

[1] DHS records spell Petitioner's name as "Giovanni." Petitioner provides the correct spelling of his name is "Yobany." This Order applies to both "Yobany" and "Giovanni," as they refer to the same individual.

for Petitioner's arrest that is dated the same day as the arrest. Respondents argue that "[t]he fact that Petitioner was detained pursuant to a warrant means that if the Court determines Petitioner is detained under § 1226(a) and not under § 1225(b)(2), then the appropriate remedy is to order a custody redetermination hearing instead of immediate release." (Doc. #7, pp. 1-2.)

Section 1226 provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained." 8 U.S.C. § 1226(a). "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Sergio P. v. Bondi*, No. 26-CV-1538 (ECT/DTS), 2026 WL 497290, at *2 (D. Minn. Feb. 23, 2026) (internal citation omitted). Petitioner has provided in an affidavit that he was not shown a warrant at the time of his arrest. *See* (Doc. #10, p. 1.)

Here, Respondents have failed to attach an affidavit that shows an arrest warrant was issued prior to the detention of Petitioner or the legal basis for the warrant. As such, the Court agrees with Petitioner that:

> If Federal Respondents have evidence showing that the warrant was in fact issued before Petitioner's detention and arrest, they could have provided such evidence to the Court. Indeed, Respondents were specifically ordered to include with their answer "such affidavits and exhibits as are needed to establish the lawfulness … of Petitioner's detention[.]" *See* Dkt. 4, at 1. Having failed to do so, and in view of the facts described [in Petitioner's Reply], the warrant attached to the Response does not justify Petitioner's detention.

(Doc. #9, p. 3.)

As for Respondents' argument that § 1225(b)(2) applies to Petitioner, the Court rejects that argument. This case is one of many filed in recent months in this district challenging the application of § 1225(b)(2) to aliens who are already in the United States, either having entered without inspection or having been previously released pursuant to 8 U.S.C. § 1226 or another statute. This Court has previously held that, because such people are not "seeking admission," as set forth in § 1225(b)(2), that provision—which mandates detention—does not apply to them. *See,*

*e.g., Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025).

"[R]elease is an available and appropriate remedy" for "detention that lacks a lawful predicate." *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS), slip op. at 6 (D. Minn. Dec. 19, 2025) (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).  "As Respondents did not comply with the plain language of § 1226(a), Petitioner's immediate release is justified." *Sergio P.,*, 2026 WL 497290, at *3 (D. Minn. Feb. 23, 2026) (cleaned up).

Under these circumstances, and based on a full review of the record, Petitioner is entitled to habeas relief and to be released from detention.  Consequently, **IT IS HEREBY ORDERED THAT:**

1.  Petitioner Yobany C.F.'s Petition for Writ of Habeas Corpus (Doc. #1) is **GRANTED**.

2.  The Government is **ORDERED** immediately to release Yobany C.F. from custody but no later than 48 hours from the date of this Order;

3.  Prior to Petitioner's release, Respondents must first notify Petitioner's legal counsel within two hours of his impending release and include the location of his release and approximate release time;

4.  When Petitioner is released, Respondents must return to him any property, personal effects, and documents that they have taken from him, including identity documents, foreign issued identity documents, and immigration documents;

5.  Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release;

6.  The Court **ORDERS** Respondents to notify the Court within 24 hours of Petitioner's release, confirming that the release has occurred.  If Petitioner has not been released as ordered, Respondents should immediately notify the Court of when he will be released.

7.  Finally, any questions about release logistics, detainee property, or conditions of release shall be sent to StPaul.Outreach@ice.dhs.gov in the first instance.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

3

Date: March 23, 2026

*s/Stephen R. Bough*
Stephen R. Bough
United States District Judge

4